

IT IS SO ORDERED.
Signed January 21, 2015

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>WILLIE JOHN RILEY,<br>                Debtor. | Case No. 13-52521-ASW<br>Chapter 13 |
| JOHN P. MCDONNELL,<br>                Plaintiff,<br>v.<br>WILLIE JOHN RILEY,<br>                Defendant. | Adv. Pro. No. 13-05118-ASW<br><br>Hrg. Date: Jan. 22, 2015<br>Hrg. Time: 3:00 p.m. |

**MEMORANDUM DECISION RE: DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is the motion of Defendant Willie Riley for summary judgment of dismissal of Plaintiff John McDonnell's claim for nondischargeability under § 523(a)(2)(A). Defendant is represented by attorney Steven Miyake. Plaintiff, who opposes the motion, is pro se.

In the motion, Defendant contends that Plaintiff's nondischargeability claim is barred by the statute of limitations under Cal. Civ. Proc. Code § 338, which provides for a three-year

limitations period for actions for relief on the ground of fraud or mistake. The statute also provides that a cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud . . . ." Cal. Civ. Pro. Code § 338(d).

Here, this Court found in its Tentative Decision issued November 13, 2014, that under <u>Banks v. Gill Distrib. Ctrs., Inc.</u>, 263 F.3d 862, 868 (9th Cir. 2001), so long as Plaintiff had taken some steps to establish the debt within the limitations period by, for example, filing a state court complaint for breach of contract, Plaintiff need not have pleaded a claim for fraud in that complaint in order to be entitled to bring a nondischargeability claim in bankruptcy.

As noted in the Tentative Decision, the parties dispute whether the cause of action accrued when Defendant made a payment to Plaintiff in May 2009, or on February 19, 2010, when Plaintiff received $42,000 of funds from the State Bar Client Security Fund that would have otherwise gone to Defendant.

This Court found that Mr. McDonnell's state court complaint, which was filed February 15, 2013, had been timely filed under Cal. Civ. Proc. Code § 337, which provides for a four-year limitations period on an action for breach of a written contract. Because Plaintiff's state court complaint was filed less than four years from the earliest date alleged, May 2009, the Court found the complaint timely and did not reach the issue of when the cause of action accrued.

At oral argument on the Tentative Decision, Mr. Miyake correctly pointed out that there was no written contract between

Mr. McDonnell and Mr. Riley – thus, the applicable statute of limitations is two years pursuant to Cal. Civ. Proc. Code § 339. Based on this, Mr. Miyake argued that the state court complaint was untimely. However, Mr. McDonnell argued that his state court complaint also included a claim for account stated, which has a four-year statute of limitations under Cal. Civ. Proc. Code § 337.

The Court permitted the parties to submit further briefing. The Court has reviewed the supplemental briefing. For the reasons set forth below, the motion for summary judgment is denied.

Under California law, the elements of an account stated are:

> (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due.
>
> . . . .
>
> The agreement of the parties necessary to establish an account stated need not be express and frequently is implied from the circumstances. In the usual situation, it comes about by the creditor rendering a statement of the account to the debtor. If the debtor fails to object to the statement within a reasonable time, the law implies his agreement that the account is correct as rendered.

Zinn v. Fred. R. Bright Co., 271 Cal. App. 2d 597, 600 (1969) (citations omitted). See also Davis & Cox v. Summa Corp., 751 F.2d 1507, 1515 (9th Cir. 1985).

Because the last bill for services performed was dated in February of 2010, Plaintiff argues that the state court complaint was timely, having been filed less than four years later on February 15, 2013. On the face of it, this argument appears to have merit.

However, in <u>Filmservice v. Bernhard, et al.</u>, 208 Cal. App. 3d 1297 (1989), cited by Defendant, the plaintiff's original complaint contained two causes of action, one for an open book account and the other for oral contract. After the defendant's first demurrer was sustained, the plaintiff filed an amended complaint omitting the contract claim and pleading claims for book account, account stated, and foreclosure of an equitable lien. There was no explanation as to why the oral contract claim had been deleted. Two more amended complaints were subsequently filed; the trial court sustained defendant's demurrer to the third amended complaint on grounds that the claims were barred by the two-year statute of limitations applicable to oral contracts, despite the fact that the amended complaint no longer contained a contract claim.

The Court of Appeals affirmed. On appeal, the plaintiff argued that the original pleading of an oral contract should be disregarded because that pleading was superseded by the pleading of an open book account and an account stated. The Court of Appeals rejected that argument, noting that the allegations of the third amended complaint did not give rise to a reasonable inference that the oral contract had been superseded by an open book account or account stated. In fact, in the third amended complaint the plaintiff had alleged that the parties had "contracted to perform the obligation upon which this action is sought," essentially admitting to the existence of an oral contract. The Court of Appeals concluded that the plaintiff was attempting to transmute a time barred action for breach of an oral contract into a timely action under common counts. <u>Id.</u> at 1307-08.

Defendant contends the record "clearly establishes" that Plaintiff in this case also attempted to transmute his untimely breach of oral contract claim into a timely action based on common counts, and that the facts in the state court complaint did not give rise to a reasonable inference that the oral contract was superseded by an open book account or account stated. However, Defendant has not provided a copy of the state court complaint, so the Court cannot analyze of whether <u>Filmservice</u> controls here. Also, but for the automatic stay, Plaintiff could move to amend his state court complaint. The parties have not addressed whether such a motion might affect the legal analysis of these issues.

Summary judgment shall be rendered by the Court if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56, applicable in bankruptcy via Fed. R. Bank. P. Rule 7056; <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation</u>, 475 U.S. 574, 584-85 (1985). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and all inferences must be drawn against the moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970); <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

Here, Defendant has not met his burden to show that there is no genuine issue as to any material fact entitling him to judgment as a matter of law. To the contrary, the parties' assertions and evidence raise a genuine issue of fact as to whether the state court complaint was timely filed. The parties dispute whether the

allegations of the state court complaint are sufficient to render the complaint timely filed, but Defendant, who has the burden of proof, has not provided any evidence to support his argument that the circumstances here are analogous to those in the <u>Filmservice</u> case.

For this reason, and the reasons set forth in the Court's Tentative Decision, summary judgment is denied without prejudice. The hearing scheduled for January 22, 2015 is off calendar. Plaintiff may submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Parties to be served electronically.